Submitted July 2, reversed and remanded August 5, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOUGLAS EUGENE FULLER,
*Defendant-Appellant.*

Deschutes County Circuit Court
06FE1061MA; A136699

213 P3d 861

Peter Gartlan, Chief Defender, and Mary Shannon Storey, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for unlawful possession of a controlled substance, ORS 475.840, that was entered after the trial court denied his motion to suppress evidence and he entered a conditional guilty plea. On appeal, defendant contends, in part, that the trial court erred in denying his motion to suppress under Article I, section 9, of the Oregon Constitution because the warrantless search was not justified by the automobile exception to the warrant requirement. A discussion of the facts would not benefit the bench, the bar, or the public. The state concedes that the search "was not authorized under the automobile exception." (Boldface omitted.) We accept the concession as well founded. *State v. Kock*, 302 Or 29, 33, 725 P2d 1285 (1986) (holding that the automobile exception to the warrant requirement does not apply to a vehicle that is "parked, immobile and unoccupied at the time the police first encountered it in connection with the investigation of a crime"); *see also State v. Meharry*, 342 Or 173, 149 P3d 1155 (2006) (applying automobile exception).

Reversed and remanded.